UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 08-43336 |
| | ) | Judge Kathy A. Surratt-States |
| CARLA L. SHAW, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | **Adv. No.: 08-04151** |
| | ) | |
| ANNA M. GHOUNEM, ET. AL. | ) | PUBLISHED |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARLA L. SHAW, | ) | |
| | ) | |
| Defendant. | ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is the Debtor/Defendant's Motion for Summary Judgment and or Dismissal, Defendant's Memorandum of Law in Support of Motion for Summary Judgment and Plaintiff's Response to Debtor's Motion for Summary Judgment and or Dismissal. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

On March 13, 2008 Anna M. Ghounem (hereinafter "Plaintiff") filed a civil lawsuit in the Circuit Court of St. Charles County, Missouri (hereinafter "State Court Case") against her sister, Debtor Carla L. Shaw (hereinafter "Debtor"). Plaintiff brought the State Court Case on her own behalf and on behalf of her three children for injuries resulting from an alleged physical altercation between Plaintiff and Debtor. Debtor filed an answer in the State Court Case on May 1, 2008.

On May 8, 2008, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code and listed Plaintiff and her children as unsecured creditors owed an unknown amount from a disputed injury claim. Debtor's First Amended Chapter 13 Plan was confirmed on July 24, 2008 without an objection from Plaintiff. On August 8, 2008, Plaintiff filed Complaint Objecting to Discharge or Inclusions of Debtor's Plan (hereinafter "Complaint"), on her own behalf

and on behalf of her three children, with this Court objecting to discharge of any debt incurred as a result of the aforementioned State Court Case. In the Complaint, Plaintiff realleges all allegations in her State Court Case and requests this Court take jurisdiction of the matter and adjudicate it or, in the alternative, grant relief from the automatic stay and allow the case to proceed in State Court. Plaintiff further requests this Court find any judgment in favor of Plaintiff be determined nondischargeable or otherwise included in any bankruptcy plan submitted by Debtor.  Debtor filed Debtor/Defendant's Answer to Complaint Objecting to Discharge or Inclusion in Debtor's Plan requesting a judgment dismissing Plaintiff's Complaint.  Additionally, it should be noted that Plaintiff has not filed a proof of claim and the deadline for filing claims was September 8, 2008.

Debtor argues that she is entitled to summary judgment because under Chapter 13 a debt for restitution or damages as a result of willful or malicious injury by a debtor in a civil action is dischargeable.  Debtor further argues that there has been no adjudication and award of damages to Plaintiff for willful or malicious injury by Debtor, thus the debt is dischargeable.  Plaintiff argues that section 523(a)(6) does not discharge a debtor from a debt for willful and malicious injury by a debtor to another entity and therefore the Debtor's Motion for Summary Judgment should be denied.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C §§ 151, 157, and 1334 (2008) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(I) (2008). Venue is proper in this District under 28 U.S.C. § 1409(a) (2008).

## CONCLUSIONS OF LAW

The main issue before the Court is whether summary judgment is appropriate under the facts of this case. "A motion for summary judgment proceeds under Rule 56 of the Federal Rules

2

of Civil Procedure, made applicable in Bankruptcy proceedings by Rule 7056." *In re Gardner*, 220 B.R. 63, 64 (Bankr. E.D. Mo. 1998). "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may…move with or without supporting affidavits for a summary judgment in the party's favor…" FED. R. BANKR. P. 7056(a) (2008).

"The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056(c) (2008). The movant must demonstrate that the record does not disclose a genuine dispute of a material fact. *City of Mount Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

"When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212-13(1986). A court must view the evidence presented in a light most favorable to the non-moving party and the non-moving party must be given the benefit of any inferences reasonably drawn from such evidence. *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 547, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986); *Alpine Elec. Co. v. Union Bank*, 979 F.2d 133, 135 (8th Cir. 1992).

"The movant can meet its burden for summary judgment by showing that little or no evidence may be found to support the non-movant's case." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986). "Once a movant has determined that no material facts are in dispute, the non-movant must set forth facts indicating a genuine issue for trial exists in order to avoid granting of summary judgment." See *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2nd Cir. 1996) (citing *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2nd Cir. 1990)).

Debtor argues that Plaintiff's Complaint was filed pursuant to 11 U.S.C. § 1328(a)(4).

3

Plaintiff did not request relief under a specific Code section in her Complaint, however, Plaintiff's Response to Debtor's Motion for Summary Judgment and or Dismissal (hereinafter "Plaintiff's Response") generally states that Plaintiff is requesting relief under 11 U.S.C. § 523(a)(6). A discharge in Chapter 13 is broader than a discharge in Chapter 7 cases and thus it is appropriate to determine whether the debt at issue is nondischargeable under 11 U.S.C. § 1328 rather than 11 U.S.C. § 523 that Plaintiff intended to use as the basis for the objection to dischargeability.

Section 1328(a)(4) provides:

> …the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt… for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

11 U.S.C § 1328(a)(4) (2008).

Plaintiff's Complaint alleges that, in the pending State Court Case against Debtor, any debt owed to Plaintiff as a result of that action would be due to willful or malicious act by Debtor which caused personal injury to Plaintiff and her children. However, such debts would be dischargeable under the expanded, sometimes referred to "super discharge" of Chapter 13. Further at issue, is whether Plaintiff has made a sufficient showing that there has been "restitution or damages awarded in a civil action" as stated in §1328(a)(4). No damages have been awarded to Plaintiff in the State Court Case. It is undisputed that damages have not been awarded by the State Court. Even if damages had been awarded, under section 1328(a)(4), Debtor would be entitled to to summary judgment as a matter of law.

4

Therefore, there is no genuine issue of material fact in this case. Thus, Debtor/Defendant's Motion for Summary Judgment will be granted by separate order.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 7, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Carla L Shaw
1150 Heritage Court
Saint Charles, MO 63303

Beverly R. Kinds-Stewart
Ellinger & Associates, P.C.
797 W. Terra Lane
O'Fallon, MO 63366

Robert E. Metzler
330 Jefferson Street
St. Charles, MO 63301